UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



———————————————————————

ROBERT W. JOHNSON, 101 HANDS ON, ROBERT W. JOHNSON, ESQ.

      Plaintiffs,

v.

LINDA HESCH, QUALITY ASSURANCE & MONITORING UNIT, THE STATE EDUCATION DEPARTMENT THE UNIVERSITY OF THE STATE OF NEW YORK, CAP, ACCES-VR, GREENE CORRECTIONAL FACILITY, NEW YORK STATE DEPARTMENT OF CORRECTIONS, ANTHONY ANNUCCI, RESTORATION SOCIETY, ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, ERIE COUNTY SHERIFFS DEPARTMENT, BUFFALO POLICE DEPARTMENT, NEW YORK STATE, KATHY HOCHUL, ANTHONY MASIELLO, ANDREW CUOMO, BYRON BROWN, TIMOTHY A. BALL, ERIE COUNTY SUPREME COURT, ERIE COUNTY BUFFALO CITY COURT, JOSEPH LEDWIN, MELISSA PEREZ, JAMES T. REESE, and KENNETH SZYSZKOWSKI,

      Defendants.

22-CV-946 (JLS)

———————————————————————

## DECISION AND ORDER

*Pro se* Plaintiffs Robert W. Johnson, 101 Hands On, and Robert W. Johnson, Esq. ("Plaintiffs") commenced this action on December 7, 2022. Dkt. 1. They also moved for permission to proceed *in forma pauperis*. Dkt. 2. Because they satisfy

the statutory requirements of 28 U.S.C. § 1915(a), that motion is granted. But for the reasons below, Plaintiffs' claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), unless they file an amended complaint as directed.

## DISCUSSION

### I. LEGAL STANDARD

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). A court shall dismiss a complaint if it determines that the claims: (1) are frivolous, malicious, or fail to state a claim on which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

In evaluating a complaint, a court must accept all factual allegations as true and draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). And it must construe *pro se* pleadings "liberally" and "interpret them to raise the strongest arguments they suggest." *Siao-Pao v. Connolly*, 564 F. Supp. 2d 232, 238 (S.D.N.Y. 2008) (internal quotation marks and citation omitted). *Pro se* pleadings must also meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004); *see also Frein v. Schumer*, No. 21-CV-439, 2021 WL 3087588, at *1 (W.D.N.Y. June 23, 2021), *appeal dismissed*, No. 21-1762, 2022 WL 2836742 (2d Cir. Mar. 2, 2022).

2

Generally, "the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal 'unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.'" *Jordan v. New York*, No. 21-CV-544, 2021 WL 3292200, at *1 (W.D.N.Y. Aug. 2, 2021) (quoting *Abbas*, 480 F.3d at 639). Leave to amend may, however, be denied when any amendment would be "futile." *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## II. PLAINTIFFS' COMPLAINT

Plaintiffs' Complaint sets forth few, if any, factual allegations. It names numerous government entities and individuals as Defendants. Dkt. 1, at 1–5.[1] As the basis for federal jurisdiction, it states: "Accession RG FY 17 Number 0336 Box 39: Due Process Rights." *Id.* at 1. And, for venue, it lists: "Whistleblower Probes: Default [Judgment]: Probes for Merit." *Id.*

Plaintiffs assert two claims against "all [D]efendants." *Id.* at 6. They allege due process and civil rights violations—specifically, that Defendants "falsified documents to defame [Plaintiffs] . . ." and "violated [Plaintiffs'] civil rights . . . ." *Id.* Plaintiffs included several documents with the Complaint (*id.* at 8–92), but they do not assert any additional factual allegations. *See id.*

Plaintiffs request $200,000,000 in punitive damages and "[a]ll other reliefs just & proper." *Id.*

---

[1] The page numbers refer to the CM/ECF pagination in the header of each page.

## III. ANALYSIS

### A.   Claims Against the State, its Agencies, and Agents

As a preliminary matter, Plaintiffs' claims against New York State, its agencies, Buffalo City Court, Erie County Supreme Court,[2] and the individual Defendants—sued in their official capacities as state agents—are dismissed without leave to amend because these Defendants are not proper parties to a Section 1983 action. *See Spencer v. Doe*, 139 F.3d 107, 111 (2d Cir. 1998) ("Neither a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under [section] 1983."); *Donlon v. City of Hornell*, No. 23-CV-6096, 2023 WL 1784669, at *1 (W.D.N.Y. Feb. 6, 2023) ("[I]t is well-established that the New York State Unified Court System is not a 'person' within the meaning of [Section] 1983 and as such, cannot be sued under that statute.") (internal quotation marks and citation omitted).[3]

### B.   Failure to State a Claim

The remainder of Plaintiffs' claims are dismissed because the Complaint does not meet the pleading requirements of Rule 8 of the Federal Rules of Civil

---

[2] Plaintiffs name the Erie County Supreme Court as a Defendant. The Court assumes this refers to the New York State Supreme Court, Erie County.

[3] Supreme Court and Buffalo City Court are part of the New York State Unified Court System. *See Kampfer v. County of Fulton*, Nos. 94-9110, 94-9201, 1997 WL 48990, at *1 (2d Cir. Jan. 15, 1997) ("The County Court of the State of New York is an integral part of the State's Unified Court System."); *United States v. Bommer*, 613 F. Supp. 3d 712, 719 (W.D.N.Y. 2020) ("The Buffalo City Court is . . . a part of the New York State Unified Court System.") (internal quotation marks and citation omitted).

Procedure. Rule 8 requires that pleadings contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). The principal function of pleadings is to give the adverse party "fair notice of the claim asserted so as to enable [it] to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Indeed, while a court must construe a complaint liberally and accept all factual allegations as true, legal conclusions do not receive this presumption of truthfulness. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive dismissal, a plaintiff must state the grounds upon which his claims rest through factual allegations sufficient "to raise a right to relief above the speculative level." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rule 8 does not require detailed factual allegations, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Here, Plaintiffs do not allege any facts to support their claims that Defendants "violated [their] civil rights" and "falsified documents to defame [them]." Dkt. 1, at 6. In fact, Defendants are not individually mentioned anywhere outside the caption, other than in the various documents Plaintiffs attached. These claims, without more, are merely conclusory. Thus, Plaintiffs fail to give Defendants "fair notice" of the claims against them and the "grounds upon which [those claims] rest[ ]." *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atl. Corp.*, 550

5

U.S. at 555); *see also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (a court may dismiss a complaint for failure to comply with Rule 8(a) where it "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised").

Plaintiffs' claims, therefore, are dismissed. But because the Court cannot "rule out any possibility" that Plaintiffs can state a viable claim (*Jordan*, 2021 WL 3292200, at *1), the Court will afford Plaintiffs an opportunity to amend their claims as discussed below.

## IV.   LEAVE TO AMEND

Leave to amend is futile as to New York State, its agencies, Buffalo City Court, Erie County Supreme Court, and the individual Defendants sued in their official capacities as state agents because these Defendants are not proper parties to a Section 1983 claim. *See Harvin v. Chapdelaine*, No. 3:16-CV-1616, 2016 WL 7197363, at *5 (D. Conn. Dec. 9, 2016) (amendment would be futile because Connecticut Department of Correction is not a person for the purposes of section 1983).

The Court grants Plaintiffs leave to amend their remaining claims to conform with the pleading requirements under Federal Rule of Civil Procedure 8. *See Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("[S]parse pleadings by a *pro se* litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action[.]");

6

Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

Plaintiffs are advised that an amended complaint is intended to **replace completely** the prior complaint in the action. *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.") (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)). In other words, Plaintiffs' amended complaint must include all the allegations they asserted in their Complaint, so that the amended complaint may stand alone as the sole complaint in this action that Defendants must answer. Thus, if Plaintiffs wish to proceed, their amended complaint must contain all the allegations against each appropriate Defendant in a manner that complies with Rule 8, as directed above.

Plaintiffs are forewarned that if they fail to file an amended complaint as directed, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

For the reasons set forth above, Plaintiffs' Complaint (Dkt. 1) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B), unless they file an amended complaint by **October 25, 2024**. Any amended complaint should include the necessary allegations regarding their claims in a manner that complies with Rule 8 of the Federal Rules of Civil Procedure.

## ORDER

IT HEREBY IS ORDERED that Plaintiffs' motion to proceed *in forma pauperis* (Dkt. 2) is granted; and it is further

ORDERED that the Complaint is DISMISSED: without leave to amend as to the claims against New York State, its agencies, and agents sued in their official capacities, and with leave to amend as to remaining claims; and it is further

ORDERED that Plaintiffs may file an amended complaint, as directed above, **by October 25, 2024**; and it is further

ORDERED that the Clerk of Court shall send Plaintiffs a copy of the original Complaint, a blank Section 1983 complaint form, and the instructions for preparing an amended complaint, together with a copy of this order; and it is further

ORDERED that, if Plaintiffs do not file an amended complaint, as directed above, the Clerk of Court shall close this case as dismissed without further order; and it is further

ORDERED that, if the Complaint is dismissed because Plaintiffs do not file an amended complaint, as directed above, this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   September 25, 2024
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE